UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW DAVID WETZEL                           CIVIL ACTION

VERSUS                                        NUMBER: 09-7380

RICHARD A. SWARTZ, ET AL.                     SECTION: "S"(5)


## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Andrew David Wetzel, against the following eleven defendants: Judges Richard A. Swartz, Allison H. Penzato, William J. Knight, and August J. Hand of the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana; Jack L. Hoststaff, Ken H. Dohre, and Leighann A. Wall of the St. Tammany Parish District Attorney's Office; John R. Simmons and Melissa H. Brink of the St. Tammany Parish Public Defender's Office; O.T. Taylor, District Administrator for the Louisiana Department of Correction's Probation and Parole Division for the Covington District; and, St. Tammany Parish Sheriff Rodney J. Strain, Jr.  (Rec. doc. 1, pp. 1, 4).

Plaintiff is an inmate of the St. Tammany Parish Jail who

erroneously indicates on the first page of his complaint that he had not previously initiated any other lawsuits, in state or federal court, dealing with the same facts involved in this action or otherwise relating to his imprisonment.[1]/ As his statement of claim herein, plaintiff alleges as follows:

> [p]re-trial detainees spend as much as four months before being arraigned are denied a speedy trial, co-defendants are forced to use the same public defender even when a clear conflict of interest exist, are denied the right to file motions, are forced to wait past the ten day limit on probation recovater (sic) as well as Due Process. The continuing course of conduct by the defendants result in the denial of fundamental rights of the criminal defendants, leading to serious constitutional deprivations of my rights. Sheriff Strain, Jr. routinely violates a federal consent order governing jails in Louisiana with the overcrowding caused by the other defendants.

(Complt. at p. 5).

Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. (Id.).

Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915. A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact,

---

[1]/ In addition to the above-captioned matter, plaintiff has filed no less than twelve other lawsuits here in 2009 alone. See 09-CV-7450, 09-CV-7445, 09-CV-7211, 09-CV-7198, 09-CV-7139, 09-CV-7048, 09-CV-6599, 09-CV-6353, 09-CV-0166, 09-CV-0128, and 09-CV-0014.

Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), is malicious under §1915(e)(2)(B)(i), if it is duplicative of previous litigation, Pittman v. Moore, 980 F.2d 994 (5th Cir. 1993), or under §1915(e)(2)(B)(ii) if it fails to state a claim upon which relief can be granted. Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous, malicious, and for failing to state a claim upon which relief can be granted.

In Wetzel v. Penzato, et al., 09-CV-7211 "C" (1), a case that was recently dismissed as frivolous and for failing to state a claim, plaintiff sued six of the same individuals that he names as defendants in the above-captioned matter, namely, Judges Swartz, Penzato, Knight, and Hand, Assistant District Attorney Dohre, and Public Defender Brink. As his statement of claim in that case, plaintiff alleged, just as he does now, that the named defendants engaged in a conspiracy to deprive criminal defendants of their rights such as the right to a speedy trial, to conflict-free representation, to access to the courts, and to a prompt arraignment. (See 09-CV-7211, rec. doc. 3, p. 5).

The Fifth Circuit has held that repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. §1915(e)(2)(B)(i)(formerly 28 U.S.C. §1915(d)) as being malicious. Pittman, 980 F.2d 994; Wilson v. Lynaugh, 878 F.2d 846,

850 (5th Cir.), cert. denied, 493 U.S. 969, 110 S.Ct. 417 (1989); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). As regards the six defendants identified above, the instant proceeding, filed in forma pauperis, is repetitious litigation against those same parties and of the same cause of action presented in 09-CV-7211 and is therefore subject to dismissal for being malicious under §1915(e)(2)(B)(i). Given the procedural posture of that earlier case, plaintiff's duplicative claims against the six defendants should be dismissed without prejudice to whatever appeal rights he may have in relation to that previous suit. Pittman, 980 F.2d at 995.

With the dismissal of his duplicative claims against the six defendants identified above, that leaves before the Court plaintiff's claims against Jack L. Hoststaff and Leighann A. Wall of the St. Tammany Parish District Attorney's Office, John R. Simmons of the St. Tammany Parish Public Defender's Office, O.T. Taylor of the Probation and Parole Division for the Covington District, and Sheriff Rodney J. Strain, Jr. For the same reasons set forth in the Magistrate Judge's thoughtful Report and Recommendation in 09-CV-7211, plaintiff's §1983 claims against prosecutors Hoststaff and Wall, whether asserted against them in their individual or official capacities or both, are subject to dismissal as frivolous and for failing to state a claim upon which

relief can be granted based on the absolute prosecutorial immunity that those defendants enjoy and based on plaintiff's failure to identify an official policy or custom of the District Attorney's Office. (See 09-CV-7211, rec. doc. 4, pp. 5-7). Similarly, plaintiff's claims against Public Defender Simmons are not maintainable here as such individuals are generally not considered to be acting under color of state law for purposes of §1983 liability and based on the wholly conclusory nature of plaintiff's conspiracy allegation. (Id. at p. 7).

Remaining, then, are plaintiff's §1983 claims against O.T. Taylor and Sheriff Strain. With respect to Taylor, there is no indication that he is being sued in anything other than his official capacity as the District Administrator of the Department of Correction's Probation and Parole Division in Covington. On that score, neither states nor state officials acting in their official capacities are considered to be "persons" within the meaning of §1983. Will v. Michigan Dept. Of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989); Anderson v. Phelps, 655 F.Supp. 560, 563-64 (M.D. La. 1985). Furthermore, any official-capacity damage claims against Taylor would be barred by the Eleventh Amendment. Doris v. VanDavis, 2009 WL 382653 at *2 (E.D. La. Feb 12, 2009). Finally, plaintiff seeks to hold Sheriff Strain liable here because he allegedly "...routinely violates a federal consent order

governing jails in Louisiana with the overcrowding caused by the other defendants." (Complt. at p. 5). Plaintiff does not allege that the overcrowding was caused by the Sheriff himself, only that the Sheriff violated a consent decree issued by another court. Remedial decrees, however, do not create or enlarge constitutional rights and do not serve as a basis for §1983 liability. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1122-24 (5th Cir. 1986); <u>Connall v. Collins</u>, 71 F.3d 875 (5th Cir. 1995)(table); <u>Fowler v. Lynaugh</u>, 69 F.3d 535 (5th Cir. 1995)(table); <u>Marshall v. Lynn</u>, 3 F.3d 440 (5th Cir. 1993)(table).[2]

## **RECOMMENDATION**

For the foregoing reason, it is recommended that plaintiff's §1983 claims against defendants, Judges Swartz, Penzato, Knight, and Hand, Assistant District Attorney Dohre, and Public Defender Brink, be dismissed without prejudice as malicious under 28 U.S.C. §1915(e)(2)(B)(i).

It is further recommended that plaintiff's §1983 claims against the remaining defendants be dismissed with prejudice as frivolous and for failing to state a claim upon which relief can

---

[2] The Court declines to address plaintiff's allegations on habeas corpus grounds in light of the fact that he has two habeas proceedings pending in another section, 09-CV-7450 and 09-CV-7445.

6

be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  6th   day of  January        ,
2010 .

                                               ALMA L. CHASEZ
                              UNITED STATES MAGISTRATE JUDGE